Order Form (01/2005)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Matthew F. Kennelly | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 10 C 6405 | **DATE** | 8/28/2011 |
| **CASE TITLE** | United Central Bank vs. Ramoni, Inc., et al. | | |

**DOCKET ENTRY TEXT**

For the reasons stated below, the Court grants plaintiff's motion to strike the affirmative defenses of Mehul Shah, Varsha Shah, and Ramoni, Inc. [58], BAC Home Loans Servicing, LP [55], and American Chartered Bank [56]. The defendants have leave to file amended affirmative defenses, consistent with the Court's ruling, by no later than 9/9/11.

■[ For further details see text below.]   Docketing to mail notices.

## STATEMENT

A predecessor of plaintiff United Central Bank (UCB) loaned a total of just under $29 million to Kanan Fashions, Inc. and Kanan Cruises, Inc. Mehul Shah, the sole shareholder of both entities, personally guaranteed the loans. Both entities defaulted. UCB filed suit against the entities and Shah to recover on the loans.

In this later, separately-filed case, UCB seeks to recover a little over $2 million in allegedly fraudulent transfers that Shah or the entities made after the loans became due and owing. These involved payments on Shah's personal loans and deposits into his wife Varsha Shah's "living trust." UCB has sued under Illinois' version of the Uniform Fraudulent Transfer Act (UFTA), 740 ILCS 160/8 & 9. In its complaint, UCB seeks both to avoid the transfers and to recover the amounts of the transfers from the transferees.

Two sections of the UFTA describe when a transfer by a debtor is fraudulent. First, a transfer is fraudulent as to a creditor whose claim arose before or after the transfer if the debtor acted with actual intent to hinder, delay, or defraud the creditor, or without receiving reasonably equivalent value (under certain circumstances). 740 ILCS 160/5(a). Second, a transfer is fraudulent as to a creditor whose claim arose before the transfer if the debtor did not receive reasonably equivalent value and was insolvent at the time or became insolvent as a result, or if the transfer was to an insider for an antecede debt, the debtor was insolvent, and the insider had reason to believe the debtor was insolvent. *Id.* 160/6(a) & (b).

Sections 8 and 9 of the UFTA describe the remedies available to a creditor who proves a fraudulent transfer. Under section 8(a), a creditor, subject to the limitations in section 9, may obtain avoidance of a transfer "to the extent necessary to satisfy the creditor's claim"; an attachment against the assets transferred; an injunction against further disposition (subject to equitable principles); and other types of relief. *Id.* 160/8(a). Under section 8(b), if the creditor has obtained a judgment against the debtor, it may levy execution on the

transferred asset or its proceeds. *Id.* 160/8(b). Section 9(b) provides that to the extent a transfer is voidable in a creditor's action under section 8(a), the creditor may recover judgment for the value of the asset transferred, "or the amount necessary to satisfy the creditor's claim, whichever is less." *Id.* 160/9(b).

In its complaint in this case, UCB alleges that it is entitled to avoid each of the transfers it challenges under UFTA section 8(a) to the extent necessary to satisfy its claim and that under section 9(b), it is entitled to recover the entire amount of the transfer made to each of the transferees.

UCB has moved to strike affirmative defenses asserted by several of the transferees. Two entities, American Chartered Bank (ACB) and BAC Home Loans Servicing (BAC), assert that the transferors received reasonably equivalent value for the transfers to those entities. UCB alleges that these defenses are conclusory and insufficiently pleaded. The Shahs and another entity they own, Ramoni, Inc. (collectively the Shahs), have asserted several affirmative defenses. First, they allege breaches of the underlying contract between UCB and the borrowers. UCB argues that this is not a defense to a claim under the UFTA. Second, the Shahs have asserted equitable defenses of unclean hands, bad faith, and laches. UCB argues that these are not defenses to a UFTA claim and that in any event the defenses are insufficiently pleaded.

The Court considers first the motion to strike the Shahs' defenses. Somewhat surprisingly, there is no Illinois or federal authority regarding whether Illinois' UFTA permits a transferee to defend against the claim of a creditor that has not been reduced to a judgment by asserting defenses relating to the debtor's obligation to the creditor. None of the cases that either side cites deals with this point. (The only one that comes close, *DFS Secured Healthcare Receivables Trust v. Caregivers Great Lakes, Inc.*, 384 F.2d 338, 351-52 (7th Cir. 2004), says only that the existence of a legal defense to the underlying claim does not make the creditor any less a creditor that has standing to sue under the UFTA.)

The Court is thus left only with the statutory language itself. Under Illinois law, a court's primary objective in construing a statute is to ascertain and give effect to the intention of the legislature. The statute's plain language is the best indicator of the legislature's intent. *See, e.g., Metzger v. DaRosa*, 209 Ill. 2d 30, 34-35, 805 N.E.2d 1165, 1167 (2004).

Though the matter is not free from doubt, the Court concludes that the UFTA's terms permitting a creditor to avoid a transfer "to the extent necessary to satisfy [its] claim," 740 ILCS 160/8(a), and entitling it to obtain a judgment for the value of the asset transferred, "or the amount necessary to satisfy [its] claim, whichever is less," *id.* 160/9(b), make relevant the amount the creditor is actually due on its underlying claim against the debtor. As a result, a transferee may assert defenses that would diminish or defeat the underlying claim that has not been reduced to judgment. In addition to the statutory language, as a matter of policy it would be anomalous for a creditor to be able to undo a transfer and obtain a judgment against a transferee that exceeds the amount the creditor is actually entitled to recover from the debtor. If UCB's claim against the debtors were already reduced to judgment, its value would be established and would not be a legitimate issue in this fraudulent transfer case. But UCB has not yet obtained a judgment. For these reasons, the Court declines to strike the Shahs' breach of contract-related affirmative defenses on the ground that they are legally deficient.

That said, the Shahs' breach of contract-related defenses are alleged only in conclusory, boilerplate terms. The sufficiency of pleading an affirmative defense is assessed by the same standard used to assess the sufficiency of a complaint. *See Heller Financial, Inc. v. Midwhey Powder Co.*, 883 F.2d 1286, 1294 (7th Cir. 1989). A pleading that offers only a formulaic recitation of the elements of a claim – or a defense – is insufficient. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). The Court therefore strikes those defenses, with leave to amend.

| STATEMENT |
|---|
| The Shahs have also asserted equitable defenses – unclean hands, bad faith, and laches.  Because the UFTA provides for equitable remedies, the Court is unprepared to say that the Shahs cannot assert equitable defenses to UCB's invocation of the UFTA.  Again, however, the Shahs allege the defenses only in conclusory terms, which is insufficient.  The Court therefore strikes these defenses, with leave to amend.<br><br>Finally, the Court likewise concludes that the affirmative defenses asserted by ACB and BAC are insufficiently pleaded.  They are entirely conclusory, consisting of nothing other than a formulaic recitation of an "equivalent value" defense to a fraudulent transfer claim.  The Court similarly strikes these defenses, with leave to amend. |